UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHYNA W.,[1]

                                                 Plaintiff,            Case # 20-cv-6981-FPG

v.                                                                                 DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                               Defendant.
_____

## INTRODUCTION

On September 4, 2018, Chyna W. ("Plaintiff") protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). Tr.[2] 19. The Social Security Administration (the "SSA") denied her claim and Plaintiff appeared at a hearing before Administrative Law Judge Gregory M. Hamel (the "ALJ") on January 7, 2020. Tr. 19. At the hearing, Plaintiff and a vocational expert appeared and testified. On January 29, 2020, the ALJ issued an unfavorable decision. Tr. 16. On July 21, 2020, the Appeals Council denied review, making the ALJ's decision the final decision of the SSA. ECF No. 1-2 at 2. On September 12, 2020, Plaintiff appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 11. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED for further administrative proceedings consistent with this opinion.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 9.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

## I.   District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## II.   Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

### I.    The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 5, 2018, the alleged onset date.  Tr. 22.  At step two, the ALJ found that Plaintiff has the following severe impairments: neurocognitive disorder posttraumatic brain injury, migraine headaches, adjustment disorder with anxiety and depression, bipolar disorder, and social anxiety disorder.  Tr. 22.  At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments.  Tr. 22.  Next, the ALJ determined that Plaintiff maintained the RFC to perform a full range of work at all exertional levels, with no significant exertional, postural, or manipulative limitations, but with the following non-exertional limitations.  Tr. 24.  The ALJ found that Plaintiff could not work in environments where the noise levels are loud or greater, could not work in high concentrations of dust, fumes, gases, and other pulmonary irritants, and could not focus attention on complex or complicated types of work functions.  Tr. 24.  In addition, the ALJ found Plaintiff could focus attention effectively and reliably on simple, routine, and repetitive tasks that would not require more than occasional public contact either in person or over the phone.  *Id*.

At steps four and five, the ALJ concluded that jobs existed in the national economy that Plaintiff could perform including, for example, non-postal mail clerk, office helper, and addresser.  Tr. 28-29.  As such, the ALJ found that Plaintiff was not disabled from her alleged onset date, May 5, 2018, through the date of the ALJ's decision, January 29, 2020.

### II.   Analysis

Plaintiff argues that (i) the ALJ improperly evaluated and rejected Plaintiff's treating neurologists' disabling opinions and erred in his RFC determination by failing to recognize that migraines elude objective findings; (ii) the ALJ failed to perform his duty to develop the record with respect to Plaintiff's counseling treatment records which led the ALJ to reach an RFC determination based on an incomplete record, warranting remand; and (iii) the ALJ improperly diminished Plaintiff's subjective complaints because of her activities of daily living and status as a mother. ECF No. 10-1 at 14. The Court agrees with Plaintiff's second argument. Because the Court agrees that remand is required under Plaintiff's second argument, it does not address Plaintiff's remaining arguments.

Because Social Security proceedings are inquisitorial rather than adversarial, *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000), the "ALJ, unlike a judge in a trial, must on behalf of all claimants … affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Moron v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks and citation omitted). As part of this duty, the ALJ must "investigate the facts and develop the arguments both for and against granting benefits." *Sims*, 530 U.S. at 111. Therefore, under the applicable regulations, before making a disability determination, the ALJ must develop a claimant's complete medical history. *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (internal citation omitted); *see also Mauzy v. Colvin*, No. 5:12-CV-866, 2014 WL 582246, at *5 (N.D.N.Y. Feb. 13, 2014) ("[A]dministrative law judges, as fact finders, may not automatically rely on [the] absence of probative evidence 'without making an affirmative effort to fill any gaps in the record.'" (internal citation omitted)). "The duty to develop the record is particularly important where an applicant alleges [she] is suffering from a mental illness[]," and an ALJ must "seek additional evidence or clarification where the documentation from a claimant's treating physician … is

4

inadequate … to determine whether the claimant is disabled." *Velez v. Colvin*, No. 14-CV-3084, 2017 WL 1831103, at *15 (S.D.N.Y. May 5, 2017) (internal quotation marks and brackets omitted).

Importantly, the ALJ bears this affirmative duty "even when the claimant is represented by counsel." *Sotososa v. Colvin*, No. 15-CV-854, 2016 WL 6517788, at *4 (W.D.N.Y. Nov. 3, 2016). Consequently, this Court has held that, where there is a gap in the record, an ALJ cannot satisfy his or her duty to develop the record merely by requesting that claimant's counsel obtain the missing evidence. *See id*. (collecting cases). The ALJ must make some additional effort beyond that request, like following up with counsel or obtaining the missing records himself. *See id*.

Here, the ALJ failed to develop the record. An obvious, identified gap in the record existed at the time of the ALJ's RFC determination on January 29, 2020: mental health counseling treatment records from Plaintiff's therapist, Darlene Trytek. The administrative record shows that on October 24, 2018, during the relevant period, Plaintiff reported to her neurologist that she was seeing a therapist. Tr. 575-78. In addition, the administrative record shows that, from 2013 to 2016, Plaintiff received therapy and mental counseling treatment from Trytek—treatment which resumed in October 2018 and appears to have continued into 2019. Tr. 180, 248, 264, 296. While the Commissioner is correct that the Social Security Administration appears to have requested treatment records from Darlene Trytek in October 2018 and received no response, Tr. 69, there is no indication from the administrative record that the ALJ fulfilled his duty to "affirmatively develop" the claimant's medical record to include mental health counseling treatment records before reaching his RFC determination. *Moron v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009); *see Newsome v. Astrue*, 817 F. Supp. 2d 111, 137 (E.D.N.Y. 2011) ("The fact that the ALJ requested additional information […] and did not receive that information [did] not relieve the ALJ of his

duty to fully develop the record."). Because the ALJ failed to "develop the record" and lacked a "complete medical history" upon which to base his RFC determination, the ALJ's determination was not supported by "substantial evidence." *Pratts*, 94 F.3d at 37.

Due to the difficulty in determining whether individuals suffering from mental illness will be able to adapt to the demands or stress of the workplace, the duty to develop the record is particularly important where mental illness is present. *Marcano v. Berryhill*, No. 17-CV-4442, 2018 WL 5619749, at *11 (S.D.N.Y. July 13, 2018). Here, the missing counseling treatment records are relevant to Plaintiff's claim because she has alleged limitations from depression and anxiety which prevent her from maintaining substantial gainful activity in the national economy. *See* ECF No. 10-1 at 18. Because the treatment records do not appear in the administrative record, and the ALJ does not appear to have satisfied his duty to obtain them, remand is warranted. Indeed, with the benefit of a complete medical history of claimant's mental health counseling, the ALJ could have found the restrictive cognitive assessment proffered by psychological consultative examiner Jeanne Shapiro, Ph.D more than "somewhat persuasive," and thereby reached a different RFC determination. Tr. 25; *see Reices-Colo v. Astrue*, 523 F. App'x 796, 799 (2d Cir. 2013) (summary order) (concluding that further development of record is warranted if the additional information "would have affected [claimant's] case"). Because the mental health counseling Plaintiff received from Trytek, which ostensibly occurred over a five-year period, was not considered by the ALJ, the Court concludes that the treatment records reasonably could have changed the ALJ's RFC determination. *See Santiago v. Astrue*, No. 3:10-CV-937, 2011 WL 4460206, at *2 (D. Conn. Sept. 27, 2011) (citing *Pratts*, 94 F.3d at 37-38). For these reasons, remand is appropriate.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 10, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 11, is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 14, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York